IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.: 5:11cr42/RS
 5:13cv332/RS/EMT

JILL BETH NEWMAN ZURAVEL

## **REPORT AND RECOMMENDATION**

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 322). The Government has filed a response (doc. 332), and Defendant filed a reply (doc. 335). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a thorough review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied. *See* Rules Governing Section 2255 Cases 8(a) and (b).

### **PROCEDURAL BACKGROUND**[1]

Defendant and four co-defendants were charged in a single-count indictment, which was returned on December 6, 2011, with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1343 (doc. 1). The offense conduct was alleged to have occurred between December 1, 2005 and December 12, 2006 (*id.*). Defendant pleaded guilty on March 7, 2012, pursuant to a written plea agreement (docs. 93–96).

---

[1] Detailed statements of facts describing the offense conduct are set forth in the Presentence Investigation Report (doc. 183) and will be set forth herein only as necessary.

The final Presentence Investigation Report ("PSR") (doc. 183) calculated a total offense level of 29 and a criminal history category of I (doc. 183 at ¶¶ 115, 119). The applicable guidelines ranges was 87 to 108 months (*id.* at ¶ 149).

At sentencing, counsel argued for leniency on her client's behalf (doc. 315 at 7–9). Counsel asked for some form of house arrest, arguing that Defendant no longer posed a threat to society in light of the fact that she had "recovered from her addiction" (which addiction had been a contributing factor in her participation in the offense conduct) and turned her life around. Counsel further noted that Defendant had been, or was about to be, disbarred by the Florida Bar. Defendant also personally addressed the court (*id.* at 10–13). She explained that in 2003, after being sober for eleven years, she picked up a drink. This choice led to three and a half years of "complete destruction and hurting other people" during which time she was Baker Acted and arrested; she lost her career, home and children; and she participated in the offense conduct charged in this case. Defendant asked the court for leniency, explaining that she had already suffered consequences for what she had done, and that her middle-school-aged children needed her. Defendant's mother spoke on her behalf and explained to the court that Defendant had been a changed woman since turning her life around in 2007 (*id.* at 14–15), which was after the conclusion of the conspiracy charged in this case. Finally, Assistant United States Attorney Gayle Littleton spoke highly of Defendant's prompt, thorough, and reliable efforts at cooperation (*id.* at 16–17).

The district court recognized that the applicable advisory guidelines range was 87 to 108 months and sentenced Defendant to a term of 48-months imprisonment in recognition of the substantial cooperation she had provided to the Government (doc. 315 at 17–18).[2] The court made its standard statement "[w]hile incarcerated, she shall participate in a residential drug abuse program or other such similar program for treatment of substance abuse as deemed appropriate by the Bureau of Prisons" (*id.* at 18). During a discussion regarding the institution where Defendant would be housed, counsel asked the court to clarify for the record that it had ordered her to attend "a drug abuse program." The court indicated that it had (*id.* at 21). Defendant did not appeal.

---

[2] Restitution in the amount of $8,596,595.24 was ordered jointly and severally among Defendant and three of her co-defendants (*see* doc. 277).

In the present § 2255 motion, Defendant asserts her sentence should be reduced by twelve months because she is not eligible to participate in the BOP's Residential Drug Abuse Program ("RDAP"). Successful completion of this program, as opposed to other BOP drug treatment programs, would allow Defendant to receive one year off her sentence (doc. 322). Defendant learned, on or about February 21, 2013, that she was ineligible to participate in RDAP because there was no documented history of substance abuse within twelve months of her arrest for the instant offense (doc. 322-2 at 1).[3] She now argues that because she is ineligible for RDAP, she should be resentenced to a term of 36 months imprisonment with the final 12 months to be served under community confinement/home detention with a condition that she complete a substance abuse treatment program. She asserts that such a modification would be consistent with the court's intent at sentencing.[4]

The Government has responded in opposition, arguing that the court does not have jurisdiction to grant the relief requested under Rule 35. In her reply, Defendant concedes that the undersigned cannot determine the district court's intent, but asks that this matter be referred back to the sentencing judge for clarification. Based on the record currently before the court, no further clarification is necessary.

Defendant's belief that the court's intent was that she participate specifically and exclusively in the RDAP program and receive the twelve-month sentence reduction is without foundation. While the court did order her to participate in a drug treatment program, it did not specify which program. As noted above, at sentencing, the court made its standard statement "[w]hile incarcerated,

---

[3] It is noted on the "Notice of RDAP Qualification" form that Defendant refused to sign the form indicating that she had been informed of her RDAP qualification status (doc. 322-2 at 1).

[4] Three days after Defendant filed the instant § 2255 motion, she filed a motion that was styled alternatively as a "Motion for a Reduction/Modification of Sentence" or a motion to "Correct/Reduce/Modify Sentence under 28 U.S.C. § 2255" (doc. 324). Two days later defense counsel filed a "Motion to Withdraw Doc. 322" (the now pending motion to vacate) and a "Joint Request for Hearing" on Defendant's motion for reduction of sentence (doc. 326). The district court entered an order denying the motion to withdraw, dismissing Defendant's motion for reduction of sentence without prejudice, denying the motion for a hearing, and directing the Government to respond to the § 2255 motion (doc. 328).

she shall participate in a residential drug abuse program *or other such similar program for treatment of substance abuse as deemed appropriate by the Bureau of Prisons*" (doc. 315 at 18 (emphasis added)). Even when asked to reiterate that it had ordered her to participate in a drug abuse program, the court did not specify that Defendant should be assigned to RDAP (*id*. at 21).

The Bureau of Prisons provides both residential and non-residential drug abuse programs to inmates within its custody. Upon entering the BOP, Defendant already had five years of recovery, which she emphasized to garner leniency at sentencing. In light of Defendant's progress toward recovery, it is logical and "appropriate" for the BOP to reserve the limited space in the more intensive residential program for those inmates who have a recent documented history of substance abuse as set forth in the program admission requirements. A decision to offer Defendant non-residential treatment is within the parameters of the court's directive.

The undersigned also notes that Defendant's sentence is in accordance with the general sentencing practices in this district. The sentence she received after the benefit of the 5K1 motion was approximately 50% of the sentence she likely would have received without it (assuming a mid-guidelines sentence). If the court's intended outcome was a mid-guideline sentence and participation in RDAP, Defendant might conceivably have received a longer sentence to account for the twelve-month reduction. This is not the case, however. The record reflects unequivocally that Defendant was to participate in a drug abuse program as the BOP deemed appropriate. Residential treatment was neither specifically recommended nor required. Defendant's disappointment that the BOP has determined that she is not eligible for the RDAP program does not provide a basis for relief. Her § 2255 motion should therefore be denied.

## CERTIFICATE OF APPEALABILITY

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how

to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. The motion to vacate, set aside, or correct sentence (doc. 322) be **DENIED**.
2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 9th day of December 2013.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**